UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CANDY SUE LOVALL,

    Petitioner,

v.   CASE NO. 6:07-cv-1141-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 12). Petitioner filed a reply and an amended reply to the response (Doc. Nos. 15, 16).

Petitioner alleges eight claims for relief in her petition: (1) the trial court committed fundamental error by failing to charge the jury with the excusable/justifiable homicide instruction; (2) trial counsel rendered ineffective assistance by failing to object to the aggravated child abuse jury instruction; (3) trial counsel rendered ineffective assistance by requesting the jury instructions be given in the conjunctive form; (4) trial counsel rendered ineffective assistance by failing to object to inflammatory photographs; (5) trial counsel rendered ineffective assistance by failing to object to the prosecutor's closing argument; (6)

the cumulative effect of trial counsel's errors rendered Petitioner's trial fundamentally unfair; (7) appellate counsel rendered ineffective assistance by failing to assert that the use of the aggravated child abuse jury instruction resulted in fundamental error; and (8) appellate counsel rendered ineffective assistance by failing to assert that Petitioner's Fifth Amendment right against self-incrimination was violated.  As discussed hereinafter, the Court concludes that the petition is untimely and must be dismissed.

I.      *Procedural History*

After a jury trial, Petitioner was convicted of first-degree felony murder, aggravated child abuse, aggravated manslaughter of a child, and neglect of a child with great bodily harm. (App. B at 752-55.) The state trial court sentenced Petitioner to life in prison for first-degree felony murder, fifteen years of probation for aggravated child abuse, a 25.9 year term of imprisonment for aggravated manslaughter of a child, and a fifteen-year term of imprisonment for the neglect of a child with great bodily harm.  (App. C.)  Petitioner appealed her convictions and sentences.  On September 24, 2004, the Fifth District Court of Appeal of Florida reversed and vacated Petitioner's conviction and sentence for aggravated manslaughter of a child, but affirmed the remaining convictions and sentences. (App. F.)  Mandate was issued on October 13, 2004.  *Id*.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on January 11, 2006.[1] The state trial court denied the motion (App. J), and

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands

Petitioner appealed. On May 1, 2007, the state appellate court *per curiam* affirmed. (App. M.) Mandate was issued on July 2, 2007. *Id.*

While her Rule 3.850 motion was pending, Petitioner filed a state petition for writ of habeas corpus on February 16, 2006. (App. H.) The Fifth District Court of Appeal denied the petition on March 2, 2006. (App. I.)

Petitioner filed the instant habeas petition on July 3, 2007. (Doc. No. 1.)

## II. *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

>> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court vacated Petitioner's conviction and sentence for aggravated manslaughter of a child and affirmed her remaining convictions and sentences on September 24, 2004.[2] Petitioner then had ninety days, or through December 23, 2004, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13.[3] Thus, under § 2244(d)(1)(A), the judgment of conviction became final on December 23, 2004, and Petitioner had through December 23, 2005, absent any tolling, to file a federal

---

[2]The Court notes that the state criminal court's docket sheet in case number 05-1998-cf-016951-AXXX-XX reflects that October 14, 2004, was the final disposition date of the aggravated manslaughter charge. *See* http://webinfo4.brevardclerk.us. This does not, however, impact the date on which Petitioner's convictions became final on direct appeal.

[3]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

habeas corpus petition. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired). Under the mailbox rule, the instant petition was not filed until July 3, 2007. Because the one-year period of limitation ran on December 23, 2005, Petitioner's habeas corpus petition was not timely filed and must be denied.

The Court is aware that Petitioner filed state post-conviction proceedings; however, because the one-year period concluded before Petitioner initiated those proceedings, the tolling provision of section 2244(d)(2) does not apply to the state post-conviction proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Any of Petitioner's allegations that attempt to excuse her failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 25th day of June, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/25

Candy Sue Lovall
Counsel of Record

6